COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-442-CR
NO. 2-02-443-CR
 
TERRY WAYNE BROWN                                                            APPELLANT
V.
THE STATE OF TEXAS                                                              
  
STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant, Terry Wayne Brown, challenges his two convictions for
aggravated assault with a deadly weapon raising three issues. Appellant claims
that: 1) he was denied the effective assistance of counsel in violation of the
Sixth and Fourteenth Amendments to the United States Constitution, Section 10 of
Article 1 of the Texas Constitution, and articles 1.05 and 1.051 of the Texas
Code of Criminal Procedure; 2) he was denied due process of law by his counsel
at his trial in violation of the U.S. and Texas Constitutions; and 3) the trial
court reversibly erred and abused its discretion in denying his motion for new
trial. We affirm the trial court's judgment.
FACTS
Appellant went to a party for his grandmother's birthday. At the party,
he got into an argument with his cousin, Tamiko Brown. The argument started when
Tamiko chastised Appellant for using bad language at the party. During the day,
the argument continued to escalate up to the point that Appellant pulled a gun
from a briefcase he was carrying and pointed it at Tamiko's head. He then asked
Tamiko if she wanted to die. Tamiko's sister, Kay Brown, attempted to get
between Appellant and Tamiko in order to stop Appellant, but he turned on her
and threatened her as well. After Appellant threatened Tamiko and Kay, he left
the party.
Tamiko and Kay both filed police reports. Appellant was arrested and
charged with assault. A jury found him guilty of two counts of aggravated
assault with a deadly weapon. The jury then sentenced Appellant to twenty years'
confinement.
STANDARD OF REVIEW
We apply a two-pronged test to ineffective assistance of counsel
claims. Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770
(Tex. Crim. App. 1999). There is no requirement that we approach the two-pronged
inquiry of Strickland in any particular order, or even
address both components of the inquiry if the defendant makes an insufficient
showing on one component. Strickland, 466 U.S. at 697.
In evaluating the effectiveness of counsel under the first prong, we
look to the totality of the representation and the particular circumstances of
each case. Thompson, 9 S.W.3d at 813. The issue is whether
counsel's assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at
690, 104 S. Ct. at 2066. An allegation of ineffective assistance must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny
of counsel's performance must be highly deferential, and every effort must be
made to eliminate the distorting effects of hindsight. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.
The second prong of Strickland requires a showing
that counsel's errors were so serious that they deprived the defendant of a fair
trial, that is a trial whose result is reliable. Id. at
687, 104 S. Ct. at 2064. In other words, appellant must show there is a
reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Id. at 694,
104 S. Ct. at 2068. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id. The ultimate
focus of our inquiry must be on the fundamental fairness of the proceeding whose
result is being challenged. Id. at 697, 104 S. Ct. at
2070.
INEFFECTIVE ASSISTANCE CLAIMS
Because all three of Appellant's issues concern whether Appellant's
trial counsel provided ineffective assistance, we will address the issues
together. In Appellant's issues on appeal, he claims that the record shows that
his counsel was ineffective primarily because she was unprepared for trial.
Appellant lists a number of examples of counsel's alleged mistakes. Appellant
then claims that these examples reveal the extent of his trial counsel's lack of
experience and readiness at trial.
Appellant states that his counsel at trial moved for co-counsel to be
appointed prior to voir dire, which the trial court denied. Appellant claims
that this request shows that his counsel felt unprepared to handle the defense
by herself. Appellant failed, however, to question his attorney during the
hearing held on Appellant's motion for new trial. Therefore, the record fails to
show defense counsel's reasons for requesting co-counsel. See
Mallet v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (holding that
without evidence of defense counsel's reasons for his actions, it is nearly
impossible to overcome the presumption of effectiveness and the great deference
we give to decisions made by defense counsel). We hold that this instance
provides no evidence of ineffective assistance.
Appellant then points to his counsel's objection to the racial makeup
of the jury. Appellant claims that his counsel had no supporting facts to make
this challenge. Appellant states that this also shows that his counsel was
unprepared for trial. Appellant has failed to show how his defense was
prejudiced due to this objection. See Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064 (holding that in order to satisfy the second prong
for ineffective assistance claims, appellant must show that counsel's errors
were so serious that they deprived the defendant of a fair trial).
Appellant next claims that the fact that his counsel made an oral
request for a continuance showed that she was unprepared for trial. Appellant
states that his trial counsel neither moved for a continuance in writing nor did
she swear to it, and she, therefore, presented nothing to the trial court.
Appellant claims that the trial court denied this motion; however, the record
shows that the trial court granted this request. Because the motion was granted,
Appellant can point to no prejudice caused by the motion. Further, Appellant has
failed to provide a record which shows his counsel's reasons for requesting the
continuance. See Mallet, 65 S.W.3d at 63. We will not
resort to speculation in determining trial counsel's reason for requesting a
continuance in this circumstance. We rely on the presumption that counsel's
actions were based on sound trial strategy. See Ex parte Okere,
56 S.W.3d 846, 857 (Tex. App.--Fort Worth 2001, pet. ref'd). Appellant has
failed to provide a sufficient record to prove that his trial counsel's
assistance was ineffective in this instance. Id.
Appellant claims that his counsel's untimely motion for an investigator
also showed unfamiliarity with the case. The facts show that Appellant made this
request in order to find a potential witness. Again, Appellant claims that the
trial court denied this motion; however, the record shows that the court allowed
Appellant to hire an investigator even though the State provided Appellant with
the requested information. The witness was subpoenaed by the State and made
available to Appellant. As such, Appellant's defense at trial was not prejudiced
by his counsel's late filing of the request for an investigator. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. Further, Appellant has failed to show any
evidence that his trial counsel would have discovered had she used due
diligence. Therefore, Appellant has failed to show that his counsel erred in
this regard.
Appellant further states that his counsel provided ineffective
assistance when she requested that the court appoint her as trial counsel. This
motion was also granted. Appellant claims that this motion shows that counsel's
"failures" were likely due to a lack of payment. Appellant has again
failed to show his trial counsel's reasons for her actions despite having the
ability to do so in the motion for new trial hearing. See Ramos
v. State, 45 S.W.3d 305, 312 (Tex. App.--Fort Worth 2001, pet. ref'd)
(holding that appellant failed to provide a sufficient record to show his
counsel's reasons for his actions and lack of actions in order to overcome the
presumption of effectiveness).
Appellant next asserts that his counsel was ineffective by making a Batson
challenge. Appellant claims that no legal basis existed to justify this
challenge. Appellant argues that this also showed that his counsel was not
prepared for trial. Appellant concedes that there was no legal basis for the
motion, so he was not prejudiced by the filing of the motion or its denial. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.
Appellant next points our attention to his counsel's objection to
allowing one of the complainants to testify in the trial. The trial court
overruled this objection, and Appellant claims that his counsel at trial offered
no legal reasoning recognized under the law to support the objection. On appeal,
Appellant has not suggested any legal basis for the exclusion of the offered
testimony. Appellant merely insinuates that his trial counsel made the objection
because she did not properly prepare for trial. Appellant has again failed to
show how his trial counsel's actions prejudiced his defense in this instance. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.
Appellant claims that his counsel was ineffective by failing to object
to the State's motion in limine. The trial court granted the State's motion in
limine, which prevented both the State and Appellant from referring to the prior
trial in the matter. The trial court did allow both parties to refer to
"prior proceedings" or "prior testimony" if the need arose.
Appellant has failed to show why this motion should not have been granted or how
his trial counsel could have argued successfully against the motion. Appellant
has, therefore, failed to show that his counsel erred at all in this instance. Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) ("The defendant
must first show that counsel's performance was deficient, i.e., that his
assistance fell below an objective standard of reasonableness.").
Appellant then twice moved for a mistrial based on the allegedly
improper admission of character evidence into the trial. The trial court denied
the motions. Appellant claims that no basis existed for the motions. Appellant
has again failed to show how the motions for mistrial, which may have been
groundless, prejudiced his defense. Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064.
Appellant moved to suppress Appellant's written statement under the
rule 403 balancing test. The trial court denied the motion. Appellant claims
that the record shows that counsel waived this objection by questioning
witnesses concerning the statement. Again Appellant has failed to show his trial
counsel's reasons for her actions. Consequently, Appellant cannot surmount the
presumption of effective assistance in this circumstance. Ramos,
45 S.W.3d at 312.
Appellant then moved to suppress his prior convictions. The trial court
overruled this motion. Appellant claims that no legal basis existed to suppress
the evidence. Therefore, Appellant cannot show that the motion to suppress
prejudiced his defense in any way. Strickland, 466 U.S. at
687, 104 S. Ct. at 2064.
Appellant next states that his counsel ineffectively assisted his
defense because the defense that she offered actually supported the State's
argument. Appellant alleges that his counsel's only defensive theory at trial
was that Appellant had never actually held a gun to anyone's head at the party.
Appellant claims that this defense opened the door to the State to introduce
other possible weapons, and it supported a verdict of guilty for aggravated
assault because it did not contest whether Appellant threatened his cousins with
a deadly weapon.
The evidence at trial showed that Appellant's counsel attempted to
discredit the State's witnesses. Counsel attempted to prove that Appellant had
sold his only gun prior to the incident. Counsel further attempted to prove that
Tamiko and Kay had a motive to lie in the case. The record shows that
Appellant's counsel did not rely solely on the defense that Appellant
insinuates.(2)
Even assuming that Appellant's claim regarding his defense was true,
Appellant has again failed to show counsel's reasons for choosing this defense.
Further, Appellant has failed to provide an example of another defense that
would have been available to him at trial. Therefore, Appellant has failed to
show that his trial counsel did not base her defense on legitimate trial
strategy. Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim.
App. 2000) (holding that where the record is silent as to counsel's reasons for
his action, the evidence is insufficient to overcome the presumption of
effective assistance of counsel).
Appellant claims that his counsel was ineffective because she failed to
make any objections to the jury charges in the guilt-innocence or punishment
stages of trial. Appellant has failed to show any proper objections to the
charge that his trial counsel could have made and failed to make. Therefore,
Appellant has failed to show that his counsel erred in failing to object to the
charges at trial. Thompson, 9 S.W.3d at 812.
Appellant states that his counsel then erred by requesting another
continuance at punishment. Apparently, both counsel and Appellant were confused
as to the kind of probation he had as a result of a plea bargain for another
crime. Both thought that Appellant was on deferred adjudication instead of
regular probation. The trial court denied Appellant's motion for continuance.
Appellant claims that this amounts to yet another example of how unprepared his
counsel was. Appellant has failed to show how this action prejudiced his
defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
Appellant points to the fact that his counsel offered no additional
testimony at the punishment stage of trial. Appellant claims that this, once
again, showed that his counsel failed to prepare for trial. Appellant failed to
show that any additional evidence existed, and if the evidence did exist, how
that evidence would have helped in his defense. Appellant has, therefore, failed
to show that his counsel did not base her actions on legitimate trial strategy
in this instance. See Mitchell v. State, 68 S.W.3d 640,
642 (Tex. Crim. App. 2002) (holding that to prevail under Strickland,
appellant must first show that his counsel was deficient).
Appellant then alternatively states that his trial counsel acted
unprepared in an attempt to force Appellant to plead guilty. No evidence exists
in the record that showed that the State ever offered a plea bargain in this
case. Despite this, Appellant claims that this attempt succeeded in causing
Appellant to plead guilty. However, the evidence shows that Appellant did not
plead guilty in this trial; instead, a jury found him guilty of both crimes.
Appellant then states that "Mr. Lane" filed no meaningful
pretrial pleadings, requests or motions. However, the record shows that
"Mr. Lane" was not Appellant's counsel at trial. Instead, Ms. Vera
Verhoeven was Appellant's counsel at trial. There is no evidence in the record
to show that "Mr. Lane" ever participated in this trial. We will
assume that Appellant is claiming that his counsel had no meaningful discovery.
The record shows that Appellant communicated with the prosecution and
had obtained the transcript from a prior trial over the same offenses that had
resulted in a mistrial. Further, Appellant's trial counsel obtained witness
lists. Appellant provided no evidence of anything that his trial counsel failed
to discover. Appellant has provided no evidence to show how he was prejudiced
regarding his counsel's alleged failure to investigate.
Finally, Appellant attempts to claim that his trial counsel's failure
to communicate with him before trial prevented him from accepting a plea bargain
in this case. Again, there is no evidence in the record that the State ever
offered Appellant a plea bargain in this case. Appellant does not claim that his
trial counsel did not relay a plea bargain offer to him. Therefore, Appellant
has shown no prejudice with this incident.
Appellant has failed to provide any examples of ineffective assistance
of counsel that could have prejudiced his defense. Therefore, we overrule
Appellant's first issue on appeal. Appellant's second issue, claiming that he
was denied due process of law through the conduct of counsel, also fails because
he has not established that his trial counsel's assistance was, in fact,
ineffective. Ex parte Okere, 56 S.W.3d at 857. We,
therefore, overrule Appellant's second issue. Because we have held that
Appellant failed to prove that his counsel's assistance was ineffective, the
trial court did not err in denying Appellant's motion for new trial based on
that point. We, therefore, overrule Appellant's third and final issue on appeal.
CONCLUSION
Having overruled all of Appellant's issues on appeal, we affirm the
trial court's judgment.
 
                                                             
        
SAM J. DAY
                                                             
         JUSTICE
 
PANEL B: DAY, LIVINGSTON, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 14, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant's appellate counsel has repeatedly misstated
the record in this appeal. This court has adopted the Standards for Appellate
Conduct as a part of our local rules. We direct counsel's attention to these
rules, which specifically state that "[c]ounsel should not misrepresent,
mischaracterize, misquote, or miscite the factual record."